Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main Street, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile: (406) 549-6804
npjones@boonekarlberg.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KAREN R. BROWN, Individually and as Personal Representative of the Estate of MICHAEL J. BROWN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, BAYER CORPORATION, BAYER AG, and DOES 1-10,<br><br>Defendants. | Case No. _____<br><br><br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Karen R. Brown, Individually and as Personal Representative of the Estate of Michael J. Brown, Deceased v. Monsanto Company, et al.,* bearing case number DV-2019-761, from the Montana Fourth Judicial District

Court, Missoula County, to the United States District Court for the District of Montana. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## INTRODUCTION

1. In this products liability lawsuit, Karen R. Brown sues Monsanto (and other defendants) for injuries and death allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer — including as recently as January 2020. Nevertheless, Ms. Brown alleges that exposure to Monsanto's glyphosate-based herbicides caused decedent Michael J. Brown's cancer — specifically, non-Hodgkin's lymphoma ("NHL") — and death.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is

pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.,* No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.,* MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Ms. Brown is a Montana citizen, as was decedent before his death. For purposes of diversity jurisdiction, none of the Defendants are citizens of Montana. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Ms. Brown seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## BACKGROUND AND PROCEDURAL HISTORY

4. Ms. Brown commenced this lawsuit in the Montana Fourth Judicial District Court, Missoula County, by filing a Complaint, captioned *Karen R. Brown, Individually and as Personal Representative of the Estate of Michael J. Brown, Deceased v. Monsanto Company, et al.,* Case No. DV-2019-761 (the "State Court Action"), and later filed an amended complaint. On May 2, 2022, Ms. Brown filed the Second Amended Complaint ("SAC"), which is the operative complaint and the only complaint served on Monsanto in this case.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Monsanto in the State Court Action are attached as **Exhibit 1.** This lawsuit seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, SAC ¶¶ 10–11, 46–48, 57, 62, 69, 75.

## BASIS FOR REMOVAL — DIVERSITY JURISDICTION

6. Ms. Brown is, and was at the time the State Court Action was filed, a Montana citizen, as was decedent before and when he died. *See* SAC ¶ 1.

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* SAC ¶ 2. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware for purposes of diversity jurisdiction.

8. Bayer Corporation is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of New Jersey.[1] Thus, Bayer Corporation is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction.

---

[1] Plaintiff's Complaint correctly recognizes that Bayer Corporation is a diverse defendant but incorrectly alleges that it has its principal place of business in Pennsylvania. *See* SAC ¶ 3.

9. Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany. *See* SAC ¶ 4. Accordingly, Bayer AG is deemed to be a citizen of Germany, a foreign citizen, for purposes of diversity jurisdiction.

10. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer (NHL) and death. Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

11.     In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

## PROCEDURAL REQUIREMENTS

12.     The Montana Fourth Judicial District Court, Missoula County is located within the District of Montana. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

13.     Monsanto was first served with the summons and Complaint in this case on May 16, 2022. This Notice of Removal is timely. *See* 28 U.S.C. § 1446.

14.     Bayer Corporation consents to this removal. *See* **Exhibit 2**.

15.     Bayer AG's consent to removal is not required because Bayer AG has not been served in the State Court Action. 28 U.S.C. § 1446(b)(2)(A).

16.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Montana Fourth Judicial District Court, Missoula County, and will be promptly served on Ms. Brown.

17.     Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

---

[2] The citizenship of "Doe" defendants must be disregarded when determining whether this lawsuit is removable based on § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

18. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **CONCLUSION**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: June 6, 2022                                Respectfully submitted,


                                                        */s/ Natasha Prinzing Jones*
                                                        Natasha Prinzing Jones
                                                        *Attorneys for Defendant*
                                                        *MONSANTO COMPANY*

CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June, 2022, the foregoing was duly served on the following by the means indicated:

|   __1__   | CM/ECF |
|---|---|
| _____ | Hand Delivery |
| _2, 3_ | Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-Mail |

1. Clerk of U.S. District Court

2. Dylan M. McFarland
   James E. Roberts
   W. Adam Duerk
   KNIGHT NICASTRO MACKAY, LLC
   283 West Front Street, Suite 203
   Missoula, MT  59802
   mcfarland@knightnicastro.com
   roberts@knightnicastro.com
   duerk@knightnicastro.com

3. Thad Huse
   HUSE LAW OFFICE, P.C.
   430 Ryman Street
   Missoula, MT  59802
   thuse@huselaw.com

*/s/ Natasha Prinzing Jones*
Natasha Prinzing Jones
*Attorneys for Defendant*
*MONSANTO COMPANY*